UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00351-JPH-MG |
| ) | |
| SCUDDER Detective, ) | |
| BOB COURTNEY Mayor of Madison and ) | |
| City of Madison Police Department, ) | |
| NICOLE MIDGET Officer, ) | |
| DEFENDANT [S], ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING AMENDED COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Christopher Warren, a prisoner at the Putnamville Correctional Facility, brings this 42 U.S.C. § 1983 action against police officers, government officials, and state agencies for claims related to his August 2020 arrest and incarceration. Dkt. 5.

**I. Motion to proceed in forma pauperis**

Mr. Warren's motion to proceed *in forma pauperis*, dkt. [6], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Warren to proceed without prepaying the filing fee, he remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

## II.  Screening amended complaint

Because Mr. Warren is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his amended complaint under 28 U.S.C. § 1915A(b).  Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

Mr. Warren alleges that, on August 14, 2020, Detective Shawn Scudder "repeatedly slammed the Plaintiff against the bricks . . . after placing him under arrest" even though Mr. Warren had surrendered peacefully.  Dkt. 5 at 4.  He also alleges that Officer Nicole Midget witnessed and recorded the incident.  *Id.*  Mr. Warren suffered "multiple cuts and injuries to his arms which caused serious bleeding . . . [and] sustained injuries to his jaw causing

his teeth to break." *Id.* He alleges that he was provided with no medical care at the time and the issue with his teeth was not addressed in the Jefferson County Jail. *Id.*

### A. Claims that will proceed

Liberally construed, the complaint's allegations are sufficient to plausibly assert a Fourth Amendment excessive-force claim against Detective Scudder and a Fourth Amendment failure to intervene claim against Officer Midget. Those claims **shall proceed** against Detective Scudder and Officer Midget in their individual capacities only. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent'"—in this case, the Madison police department. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

### B. Claims that must be dismissed

Mr. Warren named Madison Mayor Bob Courtney and Sherriff Dave Thomas in the caption of his complaint but does not allege any facts specific to those defendants. Any official-capacity claims against Mayor Courtney and Sheriff Thomas must be **dismissed**. *See id.* Any individual capacity claims against them are also **dismissed** because Mr. Warren has not alleged that they were personally involved in the incident in any manner. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."); *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under §

1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly.").

Mr. Warren's claims against the City of Madison Police Department and Jefferson County Jail **are dismissed**. 42 U.S.C. § 1983 claims "may be brought against . . . local governmental entities for actions by its employees only if those actions were taken pursuant to an unconstitutional policy or custom." *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1071 (7th Cir. 2012); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Mr. Warren has not alleged that the Officers acted under any department policy or custom. *See* dkt. 5.

While Mr. Warren also makes allegations about the poor medical care he received in jail after his arrest, *see* dkt. 5 at 2, he has not identified any individual defendants who may have been involved. Moreover, those claims are separate from the Fourth Amendment claims proceeding in this case and would properly be brought in a separate suit related to his conditions of confinement. *Owens v. Godinez,* 860 F.3d 434, 436 (7th Cir. 2017) ("Unrelated claims against different defendants belong in different suits.").

No other claims or defendants have been identified in the complaint. If Mr. Warren believes that the Court has overlooked a claim or defendant, he shall have through **October 1, 2022**, to identify those omissions to the Court.

### III. Directing service of process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to

4

issue process to Defendants Shawn Scudder and Nicole Midget in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. 5, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate Bob Courtney from the docket.

**SO ORDERED.**

Date: 9/2/2022

                                                  James Patrick Hanlon
                                                  United States District Judge
                                                  Southern District of Indiana

Distribution:

CHRISTOPHER WARREN
992243
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Detective Shawn Scudder
621 West Street
Madison, IN 47250

Officer Nicole Midget
621 West Street
Madison, IN 47250