UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00351-JPH-MG |
| | ) | |
| SCUDDER Detective, | ) | |
| NICOLE MIDGET Officer, | ) | |
| DEFENDANT [S], | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR ASSITANCE
WITH RECRUITMENT OF COUNSEL**

Christopher Warren has filed a motion asking the Court to assist him with recruiting counsel to represent him in this suit.   Dkt. [34].  For the reasons that follow, that motion is **DENIED without prejudice.**

"Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel."  *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018).  Instead, a litigant who is unable to afford counsel "may ask the court to recruit a volunteer attorney to provide pro bono representation."  *Id.* (citing 28 U.S.C. § 1915(e)(1)).  "Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'"  *Id.* (*quoting Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)).  The first inquiry—whether an indigent litigant reasonably attempted to get a lawyer—"is a mandatory, threshold inquiry that must be

1

determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). For the second question, the Court considers whether the case's complexity "exceeds [the plaintiff's] capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655).

With regard to the first question, Mr. Warren explains that he contacted "the ACLU, Morgan & Morgan, Ken Nun, and several other lawyers" as well as "legal aid and the bar association" to try and find an attorney to take his case. Dkt. 34 at 2. None of these efforts have been successful. *Id.* Mr. Warren has thus made a reasonable effort to obtain counsel, and he should continue that effort. *Cf. Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (affirming district court's requirement that litigant contact at least three attorneys to show reasonable effort).

With regard to the second question, Mr. Warren explains that he has trouble understanding legal terminology, limited access to the law library at the jail, and has some mental health issues, including PTSD, depression, and "explosive anger issues," that may make it difficult for him to represent himself. Dkt. 34 at 2-3. However, he also states that he has no trouble reading or writing, has earned his GED, went to business college for a short period, and has received very little assistance from other inmates in this case so far. *Id.* While the Court is sensitive to the challenges Mr. Warren faces due to his mental health conditions and incarceration, these challenges are faced by many incarcerated individuals. At this stage in the case, Mr. Warren has served and responded to

2

served and responded to discovery with defense counsel and clearly communicated with the Court.  Moreover, this case presents fairly simple Fourth Amendment claims about which Mr. Warren has personal knowledge. Therefore, the Court finds that the case is not so complex that it "exceeds [Mr. Warren's] capacity as a layperson to coherently present it to the judge or jury himself."  *Olson*, 750 F.3d at 712.

The motion for counsel is **DENIED without prejudice**.  Dkt. [34].  Mr. Warren may renew his motion if his circumstances or the case change in a significant way.  The Court will also remain alert to changes in the case and may reconsider the motion if necessary.

**SO ORDERED.**

Date:  3/14/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER WARREN
992243
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Mark A. Holloway
STEPHENSON MOROW & SEMLER
mholloway@stephlaw.com

3