UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WARREN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 2:22-cv-00351-JPH-MG |
| SCUDDER, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| | ) | |

**ORDER**

Pending before the Court in this excessive force civil rights case brought by *pro se* Plaintiff Christopher Warren against the law enforcement officers that arrested him is Defendants Shawn Scudder and Nichole Midgett's Motion to Compel, [Filing No. 28], in which they ask the Court to order Plaintiff "to provide complete and unevasive answers" to certain Fed. R. Civ. P. 33 interrogatories. [Filing No. 28 at 1.] Plaintiff has not responded to Defendants' Motion, the time for doing so having passed. Plaintiff's responses to the interrogatories have been filed with the Court. [Filing No. 24.]

**A. Legal Standard**

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(4). "The Court has broad discretion when deciding whether to compel discovery." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). "The party moving to compel discovery carries the initial burden of establishing that the requested discovery is relevant." *Geng*

*v. del Toro*, 2021 WL 5768441, at *1 (S.D. Ind. Dec. 3, 2021). "If that burden is met, the burden then shifts to the non-movant to show the impropriety of the request." *Id.*

On the issue of relevance, Fed. R. Civ. P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Relevant information does not need to be 'admissible to be discoverable.'" *Griffith v. Brannick*, 2018 WL 4539262, at *2 (S.D. Ind. Sept. 20, 2018) (quoting Fed. R. Civ. P. 26(b)(1)). Prior criminal misconduct may be relevant in assessing a party's credibility. *See id.* at *3.

**B. Discussion**

Defendants identify five interrogatories that they want Plaintiff to answer or supplement. By way of background, Plaintiff was arrested on August 14, 2020 for child solicitation, sexual misconduct with a minor, and possession of methamphetamine as part of a law enforcement sting operation. [Filing No. 28 at 2.] *See also State of Indiana v. Christopher Warren*, No. 39C01-2008-F4 (Jefferson County Circuit Court). Plaintiff had previously communicated online with law enforcement officers who he allegedly believed to be a minor child.

Interrogatory No. 11 asks Plaintiff to provide a "detailed description of the events of August 14, 2020, from the time you woke that day to when you were transported from the scene [of the arrest] to the Jefferson County Jail." [Filing No. 24 at 5.] Interrogatory No. 12 similarly asks Plaintiff to provide detailed description of his "encounter with defendant police officers, your arrest by [O]fficer Scudder, and conduct by the police after your arrest." [Filing No. 24 at 5.] In response to both Interrogatory Nos. 11 and 12, Plaintiff "objects" on the basis of relevance (saying this information "has no matter in the case"). [Filing No. 24 at 5.] Defendants say the interrogatories are relevant because Plaintiff is claiming injuries from Defendants, so Plaintiff's

activities that day and the events surrounding the arrest are relevant. The Court agrees. Plaintiff's objections to Interrogatory Nos. 11 and 12 are OVERRULED.

Interrogatory No. 13 asks Plaintiff to "[d]escribe in detail the actions officer Scudder took to handcuff you on August 14, 2020." [Filing No. 24 at 6.] Plaintiff objects, saying "[t]his wa[s] stated in the tort claim and you have asked the same question many times." [Filing No. 24 at 6.] "Asked and answered" generally is not a valid objection to interrogatories. *See, e.g.*, *Gevas v. Wexford Health Sources*, 2021 WL 5795308 (N.D. Ill. Dec. 7, 2021) ("[I]t is improper to answer an interrogatory by incorporating by reference deposition testimony or a response to another interrogatory."). While parties can answer interrogatories by reference to business records under Fed. R. Civ. P. 33(d), the Court finds that Plaintiff's attempt to do so here is insufficient. Plaintiff's objection to Interrogatory No. 13 is OVERRULED.

Interrogatory No. 15 asks Plaintiff to "[s]et forth all facts which you contend support your claim that officer Scudder and/or Midgett are liable for any injuries you incurred." [Filing No. 24 at 7.] Plaintiff responds as follows: "I believe the video, statements, mugshot, and 911 dispatch notes will prove all of this for me." [Filing No. 24 at 7.] It appears as though Plaintiff misconstrued Interrogatory No. 15; rather than identify *facts* supporting his claim, he instead identifies *evidence* that he believes will support his claim. Plaintiff is instructed to supplement his response to this interrogatory by identifying the facts he believes establishes that Defendants are liable for the injuries he suffered.

Interrogatory No. 16 says "[t]o the extent you believe handcuffing, and/or force used, by officer Scudder was excessive or otherwise unjustified, set forth all facts which you contend support your position." [Filing No. 24 at 7.] Plaintiff responds "All he [Officer Scudder] had to do was handcuff me. I was not a threat in anyway [sic]. I also believe and will need to watch the

3

arrest video but I believe Officer Scudder has per[j]ured himself in his statement vers[us] the video." [Filing No. 24 at 7.] Defendants do not explain why Plaintiff's answer to Interrogatory No. 16 is deficient (other than to say Plaintiff needs to watch the video), and it is their burden to do so. *See Geng*, 2021 WL 5768441, at *1. Therefore, their Motion will be denied with respect to this interrogatory.

### C. Conclusion

For the reasons stated above, Defendants' Motion to Compel [28] is **GRANTED IN PART and DENIED IN PART** as follows:

- **Interrogatory Nos. 11, 12, and 13**: Plaintiff's objections are OVERRULED. Defendants' Motion to Compel is GRANTED as Interrogatory Nos. 11, 12, and 13. Plaintiff is ORDERED to answer to these interrogatories by providing full answers in writing within 14 days of his receipt of this Order.

- **Interrogatory No. 15**: Defendants' Motion to Compel is GRANTED as to Interrogatory No. 15. Plaintiff is ORDERED to supplement his answer to this interrogatory with *facts* (rather than evidence) that he believes will support his claim by providing a full answer in writing within 14 days of his receipt of this Order.

- **Interrogatory No. 16**: Defendants Motion to Compel is DENIED as to Interrogatory No. 16.

Plaintiff is reminded that failure to fully participate in and respond to discovery ordered by the Court may result in sanctions against him, including dismissal of his claims with prejudice. *See Jennings v. Sallie Mae, Inc.*, 358 F. App'x 719, 721-22 (7th Cir. 2009) (finding the district court did not abuse its discretion when it dismissed *pro se* plaintiff's case after plaintiff failed to obey court orders regarding discovery)

Date: 3/22/2023

_Mario Garcia_
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to: all counsel of record**

**Distribution via U.S. Mail to:**

Mr. Christopher Warren
992243
Putnamville Correctional Facility
Inmate Mail
1946 West U.S. Highway 40
Greencastle, IN  46135